IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

ROY M. MCCAIG, ET AL.,            }
                                  }
    Plaintiffs                    }
                                  }      CIVIL ACTION NO.
    vs.                           }
                                  }      96-AR-1507-E
MONSANTO COMPANY, ET AL.,         }
                                  }
    Defendants                    }

### MEMORANDUM OPINION

The court has before it defendants' Rule 12(b)(6) motion to dismiss for failure to state a claim of failure-to-warn. Defendants are alleged to have released polychlorinated biphenyls (PCB's), a carcinogen, from Monsanto's Anniston, Alabama manufacturing plant into the Coosa River which flows into Lake Logan Martin. Plaintiffs own property adjacent to the lake. They claim property damage and mental anguish under several tort theories, including an alleged failure to warn.

Defendants argue that plaintiffs cannot make out a prima facie case for failure to warn because plaintiffs are unable, as a matter of law, to establish that defendants owed plaintiffs any duty to warn. Absent allegations of a special relationship between plaintiffs and defendants, defendants argue persuasively that a manufacturer has no duty to warn the general public about its

1

alleged contamination of public waters.

In support of this argument, defendants cite *Sewell v. Monsanto Company*, CV-94-AR-778-E, a fairly recent unpublished opinion by this court. *See Defendants' Brief, Exhibit #4*. The plaintiff in *Sewell* operated a wholesale and retail fish market. She alleged that she and her business were injured by Monsanto's release of PCB's into the waterways from which she obtained her catch. Plaintiff there asserted various tort claims against Monsanto, including failure to warn. Granting summary judgement to Monsanto, this court held that Monsanto owed no duty to warn the general public about potential contamination of public waterways. *Sewell,* at 28 - 29. Instead, as a manufacturer, Monsanto's only duty was to warn foreseeable users of its products. *Id.* Indeed, noted the court, the plaintiff was unable to cite any authority for her proposition that Monsanto owed a general duty to warn those who might come in contact with its products. *Id.*

Plaintiffs, in the instant case, counter by noting that "[a] court should only dismiss a claim under FRCP 12(b)(6) if 'it appears beyond a doubt the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Plaintiffs' Brief* at 2 (citing *Conley v. Gibson*, 355 U.S. 41, 45 - 46, 78 S. Ct. 99, 102 (1957)). Plaintiffs also argue that the

2

court cannot consider defendants' exhibits without converting the present motion into a motion for summary judgment.[1]

## Analysis

Defendants' Rule 12(b)(6) motion will be denied for two reasons. First, even if this court were bound by *Sewell*, the facts in the present case are not sufficiently similar to those in *Sewell* as to be governed by *Sewell*. Second, even if the facts are substantially the same, unlike the plaintiff in *Sewell*, these plaintiffs may be able to locate current precedent, almost two years after *Sewell*, to support a claim that defendants did owe them a duty to warn. While such seems unlikely, as plaintiffs point out, "the issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed, it may appear on the face of the pleading that recovery is very remote and unlikely but that is not the test." *Plaintiffs' Brief at 2* (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S. Ct. 1683, 1686 (1957)). Consequently, plaintiffs' claim will not be dismissed until discovery is complete and until all parties have had an opportunity to sift innovatively through the

---

[1] Defendants attached to their brief several documents issued by the Alabama Department of Public Health, *See Defendants' Brief Exhibits 1 - 3*, as well as a copy of *Sewell*. *See Defendants' Brief Exhibit #4*. Presumably, plaintiffs do not suggest that this court is precluded from referring to legal precedent when deciding a Rule 12(b)(6) motion.

facts, as well as to support their positions in the form of evidentiary submissions, motions for summary judgment and briefs.

A separate order will be entered.
DONE this 17th day of November, 1997.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE