FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA JUN 19 PM 3:31
EASTERN DIVISION

U.S. DISTRICT COURT
N.D. OF ALABAMA

ROY M. MCCAIG, et al.,                    )
                                          )
        Plaintiffs                        )
                                          )
    vs.                                   )        CIVIL ACTION NO.
                                          )
                                          )        CV-96-1507-E
MONSANTO COMPANY, et al.,                 )
                                          )
        Defendants                        )

ENTERED

JUN 19 1998

### MEMORANDUM OPINION

The court has before it plaintiffs' motion to remand or in
the alternative a motion to stay the above styled action pending
the outcome of a related class action presently proceeding in
state court, from which the plaintiffs have opted out.  (*See* Doc.
14 at ¶1.)  Said motion was heard at this court's June 12, 1998
motion docket.  Plaintiffs, own property adjacent to Lake Logan
Martin.  They allege that the defendants have released
polychlorinated biphenyls (PCBs), which are carcinogenic, from
defendant Monsanto Company's Anniston, Alabama manufacturing
plant into Snow Creek and Choccolocco Creek, both of which flow
into the Coosa River which in turn flows into Lake Logan Martin.
Monsanto manufactured PCBs until 1979, when the government banned
their manufacture.  Plaintiffs claim that Monsanto dumped PCBs
into the creeks during the years it manufactured the PCBs.  In
addition, the plaintiffs allege that Monsanto continues to cause
PCB contamination of the creeks and the lake as a result of rain-
water run off that washes over the plant property and plant

58

landfills that purportedly contain PCBs.  (Compl. at ¶¶ 36 - 37.)
As a result of this past and continuing contamination, Plaintiffs
claim property damage and mental anguish under several Alabama
tort theories.

### I. FACTS

Plaintiffs filed their original complaint on June 7, 1996,
in the Circuit Court of Talladega County, Alabama.  In this
complaint, the plaintiffs named as defendants, the Monsanto
Company ("Monsanto") and William Defer ("Defer"), "an individual
and the plant manager, or supervisor for Monsanto at its Anniston
facility ...."  (Compl. at ¶¶ 24, 27.)  Plaintiffs alleged that
Defer was a "resident citizen" of Alabama.  (Compl. ¶ 27.)  In
addition to the claims asserted against the named defendants, the
plaintiffs also asserted claims against non-governmental
fictitious defendants A through E.

Because Defer was actually a citizen of Georgia, Monsanto, a
Delaware corporation with is principal place of business in
Missouri, removed the action to federal court, where it was
originally assigned to Judge Propst.  Sometime later, Monsanto
identified Jack Mayausky ("Mayausky") as the current manager of
the Anniston plant and as a person with knowledge of facts
relevant to this case.  On December 2, 1996, the last day for

2

plaintiffs to add additional parties, plaintiffs filed an amended complaint adding Mayausky as a defendant. (Doc. 8.) Several days after plaintiffs filed their amended complaint, they filed a motion for leave to amend the complaint, which Judge Propst granted on December 10, 1996 (Doc. 9.) Monsanto responded by arguing that the amendment was inappropriate inasmuch as: 1) the plaintiffs' motion to amend was untimely, 2) the plaintiffs did not need to add Mayausky in order to proceed with their causes of action, and 3) the plaintiffs were adding Mayausky simply to defeat the court's diversity jurisdiction. (Doc. 10.) On December 12, 1996, Judge Propst vacated his earlier order which had allowed plaintiffs leave to amend. (Doc. 11.) However, he later allowed the plaintiff to respond to Monsanto's arguments against allowing the amendment. (Doc. 12.)

On March 18, 1997, the case was reassigned to the current judge. Sometime later, plaintiffs pointed out to this court that Judge Propst had not responded to the arguments they made in support of their motion to amend. On May 22, 1997, plaintiffs filed a motion to reconsider Judge Propst's decision to prohibit the amendment. (Doc. 17.) This court granted the motion to reconsider and the motion to amend on June 2, 1997. (Doc. 21.) Mayausky was a citizen of Alabama when the defendants removed this case and in December 1996 when the plaintiffs served him

3

with the amended complaint.  Presently, he is a citizen of
Massachusetts.

Plaintiffs now contend that remand is appropriate because
Mayausky is a non-diverse defendant.  At oral argument,
plaintiffs argued that this court should consider the issue of
diversity jurisdiction in light of the facts that existed when
they filed their amended complaint.  At that time Mayausky was a
citizen of Alabama, so that as of the crucial date, there was no
complete diversity, they argue.  In the alternative, plaintiffs
ask this court to stay the present proceeding pending the outcome
of the related state court class action.  In response, defendants
contend that the court should determine whether diversity
jurisdiction existed on the date that the court officially
allowed plaintiffs to add Mayausky as a defendant.  Because
Mayausky did not officially become a defendant until June 2,
1997, at which time he was a resident of Massachusetts, he does
not destroy the court's diversity jurisdiction, argues
defendants.  The court finds that it no longer has jurisdiction
over this case and the case must be remanded pursuant to 28
U.S.C. §§ 1447(a) and 1447(e).

## II.  ANALYSIS

While plaintiffs did not characterize their motion to amend

4

the complaint as a motion to substitute Mayausky for a fictitious party, this court considers the motion as the functional equivalent for the following reasons.  In their original complaint plaintiffs named Defer as "the plant manager, or supervisor for Monsanto at its Anniston facility ...."  (Compl. at ¶ 27.)  Plaintiffs went on to name several fictitious parties. First, the plaintiffs named, as a defendant, fictitious party "A."  (Compl. at pg. 1, Style of the Case.)  Plaintiffs described defendant "A" as "that entity or entities, that individual or individuals who or which were responsible for the release leaching and/or presence of PCBs and other pollutants into Snow Creek and Choccolocco creek."  (Id.  See Compl. at ¶ 28.) Plaintiff also named, as a fictitious party, defendant "B," whom they describe as "that entity or those entities, that individual or individuals who or which" failed to warn plaintiffs of the safety problems that existed because of the PCBs.  (Compl. at pg. 1, Style of the Case.  See Compl. at ¶ 28.)

Mayausky fits the description of both fictitious party "A" and "B," given plaintiffs allegations that Monsanto continues to contaminate the creeks.  As the current plant manager, Mayausky could be responsible, due to rain water run off, for the release of PCBs into the creeks or he could be responsible for the presence of PCBs in the creeks.  Therefore he fits the

5

description of fictitious defendant "A."   In addition, as current
plant manager, Mayausky may have had and may continue to have a
duty to warn the plaintiffs of the dangers surrounding PCB
contamination.   Because he so clearly fits the description of the
fictitious defendants "A" and "B," the court will analyze the
jurisdictional issues as if the plaintiffs had explicitly
requested substitution of him for the fictitious parties.[1]

"It is well-established that the court's diversity
jurisdiction is determined at the time the notice of removal is
filed." *Marshall v. CSX Transportation Co., Inc.*, 916 F. Supp.
1150, 1152 (M.D. Ala. 1995) (citing *St. Paul Mercury Indemnity
Co. v. Red Cab Co.*, 303 U.S. 283, 289, 58 S. Ct. 586, 590
(1938)).   It is also well established that the court should
ordinarily ignore the citizenship of fictitious parties when
determining the propriety of a removal.    28 U.S.C. § 1441(a)
("For purposes of removal under this chapter, the citizenship of
defendants sued under fictitious names shall be disregarded.").
However, some courts have recognized the citizenship of such

---

[1]   The court notes that plaintiffs were under no obligation to
specifically ask to substitute Mayausky for any of the fictitious parties.
Unlike a complaint where the plaintiff identifies a sole, but unidentified,
defendant who allegedly performed a specific identifiable act, the plaintiffs
here left room to include multiple fictitious parties. (Compl. at pg. 1, Style
of the Case)("Defendant A: Whether singular or plural the entity or those
entities, that individual or individuals who or which were responsible ....")
(emphasis supplied).

defendants where the plaintiff's complaint "gives a definite clue about the identity of the fictitious defendant." *Brown v. TransSouth Financial Corp.*, 897 F. Supp. 1398, 1401 (M.D. Ala. 1995). *Accord Marshall*, 916 F. Supp. at 1152; *Lacy v. ABC Ins. Co.*, No. Civ. A. 95-3122, 1995 WL 688786, at * 2 (E.D. La. 1995); *Tompkins v. Lowe's Home Center, Inc.*, 847 F. Supp. 462, 464 (E.D. La. 1994); *Green v. Mutual of Omaha*, 550 F. Supp. 815, 817 - 18 (N.D. Cal. 1982). *See Wright v. Sterling Investors Life Ins. Co.*, 747 F. Supp. 653, 653 - 54 (N.D. Ala. 1990). This rule is particularly applicable in cases involving a named corporate defendant whose potentially harmful conduct was carried out by a fictitiously named agent of the corporation. *See Brown,* 897 F. Supp. at 1401 - 02; *Marshall,* 916 F. Supp. at 1152. In such cases, the court must examine the circumstances to determine if the complaint puts the corporation on notice regarding the identity of the unnamed party. *See Green*, 550 F. Supp. at 817 - 818.

In the present case, the complaint provided sufficient information to put Monsanto and Defer on notice that Mayausky was a real, although fictitiously named, party. First, plaintiffs named Defer as "an individual and the plant manager, or supervisor for Monsanto at its Anniston facility ...." (Compl. at ¶ 27.) As it turns out, <u>Mayausky</u>, <u>not Defer</u>, was the plant

7

manager when plaintiffs filed their first complaint and when
defendants removed the case.  When plaintiffs mistakenly
identified Defer as the "plant manager," Monsanto and Defer were
on notice that plaintiffs would seek to add the current plant
manager, inasmuch as they explicitly allege both past and
continuing contamination.  Because Monsanto and Defer were on
notice regarding the identity of this fictitious party, the court
must examine the removal based upon the fictitious party's
citizenship on the date of removal.  *See Brown*, 897 F. Supp. 1398
(evaluating jurisdiction based on the Alabama citizenship of the
fictitious defendant who moved from Alabama to another state
after removal).

 Applying Mayausky's citizenship on the date of removal, his
presence destroys this court's diversity jurisdiction because the
plaintiffs are Alabama citizens and Mayausky was a citizen of
Alabama on the removal date.  Under these circumstances, the
court has an obligation to remand this action.  "It would be
unfair to plaintiffs to force them from their chosen state court
forum into federal court by allowing [Monsanto] to plead
ignorance about the defendant employee's identity and citizenship
when [Monsanto] was in a position to know that information."
*Lowe's*, 847 F. Supp. at 464.  *See Brown*, 897 F. Supp. at 1403 n.5
(noting that "generally speaking, all doubts about removal must

8

be resolved in favor of remand.")

A separate and appropriate order will be entered.

DONE this __19th__ day of June, 1998.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE

9